JACOB S. HALDEMAN et al., Appellants, v. WASHINGTON STARRETT, Appellee.

## APPEAL FROM SCOTT.

The enactment of the thirtieth section of the attachment law of 1833 was not intended to repeal the first section of the law then in force. It was remedial and not restrictive. So of the amendment of 1851 to the attachment law.

A formal judgment of *respondeat ouster* need not be entered by the court, if the defendant is allowed opportunity to answer further, and refuses so to do.

THIS is a suit in attachment. The facts are these: The appellee in this case, on the 1st day of December, 1858, sued appellants in an action of assumpsit, at the special December term of the Circuit Court of Scott county, and on the third day of said month, appellee filed in the office of the clerk of said court, an order for dismissal of said suit, and on the same day commenced this suit of attachment against appellants for the same causes of action, as in the said action of assumpsit, in said court, and at the said special term both of said causes were continued over to the April term of said court. On the 20th day of April, 1859, and before the sitting of said court, appellants filed in said court the plea in abatement in this cause to said attachment suit, alleging that the said suit in assumpsit was still pending and undetermined in said court, to which plea appellee filed replication, admitting in substance the facts set forth in the plea, but seeking to justify the proceeding in attachment, whereupon appellants demurred to said replication—which was overruled by the court, and appellants not answering further, the court rendered judgment in favor of appellee for the amount due on the note sued upon, and costs—from which judgment the defendants below appealed to this court.

The case was tried by WOODSON, Judge.

J. GRIMSHAW, and BERRY & HALDEMAN, for Appellants.

KNAPP & CASE, for Appellee.

CATON, C. J. The first section of the attachment law which was in force previous to the amendment of 1833, did, beyond all question, authorize the suing out of a writ of attachment upon a demand, on which an action of assumpsit had been already commenced, and was still pending. One of the causes enumerated for the attachment is, concealing himself by the defendant, or standing in defiance of an officer so that process cannot be served on him. If it be admitted that the process

thus evaded or defied need not necessarily have been issued in an action for the same demand, at least it might be, and such would be the case in a great majority of instances, where the aid of the statute would be likely to be invoked. Indeed, this construction has never, to our knowledge, been questioned. But in order to relieve the creditor from the necessity of commencing a separate action by attachment in such a case, in 1833 this law was amended by the enactment of what now constitutes the thirtieth section of the attachment law. That section provides that " plaintiffs in any action of debt, covenant or trespass, or on the case upon promises, having commenced their action or actions by summons, at any term pending such suit, and before judgment therein, may, on filing in the office of the clerk where such action is pending, a sufficient affidavit and bond, sue out an attachment against the lands and tenements, goods, chattels, rights, credits and effects of the .defendant, which attachment shall be entitled in the suit pending, and shall be in aid thereof, and such proceedings shall be thereupon had, as are required or permitted in original attachments in all things as near as may be." This statute only afforded a cumulative remedy, and was not designed to repeal any portion of the first section of the attachment law, and under it we held, in *Moore* v. *Hamilton,* 2 Gilman, 429, that where an attachment was brought in aid of an action already commenced, the plaintiff could not proceed with his attachment till he got personal service on the defendant of the summons in the principal case. If then, the thirtieth section was designed to confine the party who had already brought an ordinary action to recover his debt, to the remedy there provided, it deprived creditors of all remedy by attachment where an ordinary action had first been commenced, and they had failed to get service, although it might be because the defendant concealed himself or stood in defiance of the officer. Such was clearly not the intention of that law. It was designed to be remedial and not restrictive.

But it is the amendment passed in 1851 that seems to be most relied upon as repealing this portion of the first section of the attachment law. That law is in these words: " That upon return of attachments issued in aid of actions pending, unless it shall appear that the defendant or defendants have been served with process in the original cause, notice of the pendency of the suit and of the issue and levy of the attachment, shall be published as is required in cases of original attachment, and such publication shall be sufficient to entitle the plaintiff to judgment, and the right to proceed thereon against the property and estate attached, and against garnishees, in the same manner and to the same extent, and with the same effect as if the suit had been

commenced by attachment." This amendment was evidently adopted solely for the purpose of meeting the difficulty growing out of the thirtieth section, as construed by the court in the case in 2 Gilman, above referred to, and there is nothing to indicate a design to repeal any part of the first section. This amendment was strictly cumulative. The demurrer to the replication was properly overruled.

But finally, it is objected that a formal judgment of *responde at ouster* was not entered by the court. This objection is fully answered by the decision of this court in the case of *Bradshaw v. Morehouse*, 1 Gilm. 395. While the judgment on the demurrer was not a formal judgment requiring the defendant to answer over, it is clearly manifest from the record that he was allowed opportunity to do so, which he refused, and a judgment by *nil dicit* was entered because he would not answer further.

The judgment is affirmed.

*Judgment affirmed.*